IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERIE JUNKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21 C 649 |
| ) | |
| HOME DEPOT U.S.A., INC., ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On February 6, 2019, Cherie Junko tripped and fell in the parking lot of a Home Depot store in Oak Lawn, Illinois, suffering injuries. She has sued Home Depot U.S.A., Inc., alleging her injuries were caused by Home Depot's negligence. Home Depot has moved for summary judgment. For the reasons stated below, the Court grants the motion.

## Background

Around 9:15 a.m. on February 6, 2019, Ms. Junko and a friend arrived at a nearly empty Home Depot parking lot. Ms. Junko parked next to a truck near the store's contractor exit, opened the car door, and stepped outside. After grabbing her purse and closing the car door, she pivoted toward the rear of her car and took a step with her right foot. She was looking forward and did not see that there was garbage bag on the ground in her path. When her foot landed on the bag, she fell into the adjoining truck before falling to the ground and hitting her head. Blood dripped into her left eye, and

her glasses were twisted. She could make out glass in the bag, but she did not know what else was inside.

Ms. Junko was picked up by her friend and the neighboring truck's owner, who had just emerged from the store, and they helped her into Home Depot. The store's assistant manager, Kevin Sopczak, took Ms. Junko's statement and called an ambulance for her.

Later, Mr. Sopczak took pictures of the garbage bag Ms. Junko had tripped over. It was a white bag, which was not the color or type of bag used by that Home Depot. Neither Mr. Sopczak nor the parking lot assistant, Greg Venckus, were aware of the garbage bag before Ms. Junko's fall. Mr. Sopczak had approved the day's store readiness checklist a few hours before the incident, which confirmed that no trash was in the parking lot that morning. (Ms. Sopczak testified that he arrived at work around 5:00 a.m. and circled the building looking for debris but found none.) In addition, the record reflects that Home Depot's lot associates periodically check the parking lot to look for hazards and remove trash—referred to in Home Depot's submissions as a "sweep" of the lot—though it's disputed how frequently this is done. Finally, it is undisputed that before that day, no trips and falls had been reported in this Home Depot's parking lot.

## Discussion

Summary judgment is appropriate when the movant establishes "that there is no genuine dispute as to any material fact" and that it is entitled to "judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive a properly supported summary judgment motion, the nonmovant must "go beyond the pleadings" and "designate specific facts,"

2

citing the evidentiary record, using depositions and other discovery tools, that illustrate a "genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the dispute is genuine—"that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"—summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

When evaluating a summary judgment motion, all facts and reasonable inferences from the record are construed in favor of the nonmovant. *King v. Hendricks Cnty. Comm'rs*, 954 F.3d 981, 984 (7th Cir. 2020). Nonetheless, this deference "does not extend to drawing inferences that are supported by only speculation or conjecture." *Id.* A "scintilla of evidence in support of the plaintiff's position will be insufficient" to avoid summary judgment. *Anderson*, 477 U.S. at 252.

Because Home Depot holds its premises open to the public for business, it shares a business invitor-invitee relationship with its customers. *See Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 440, 856 N.E.2d 1048, 1059 (2006). Thus, Home Depot owes its customers a duty of "reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." 740 Ill. Comp. Stat. Ann. 130/2.

This existence of this duty, however, "does not constitute an automatic, broad-based declaration of negligence liability." *Marshall*, 222 Ill. 2d at 443, 856 N.E.2d at 1061. Liability for negligence may be imposed when a business's invitee is injured by slipping on a foreign item or substance on its premises if the invitee establishes any of the following: (1) the item or substance was placed there by the negligence of the business; (2) the business had actual notice of the item or substance; or (3) the item or substance was there long enough that, in the exercise of ordinary care, its presence

should have been discovered, in other words, the business had constructive notice of the item or substance. *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014); *Olinger v. Great Atl. & Pac. Tea Co.*, 21 Ill. 2d 469, 474, 173 N.E.2d 443, 445 (1961).

In its motion, Home Depot contended that Ms. Junko had no evidence that the garbage bag was placed in the parking lot as a result of Home Depot's negligence or (2) that Home Depot had actual notice that the bag was there. Ms. Junko forfeited these points by failing to respond to them. *See, e.g.*, *Nichols v. Mich. City Plant Plan. Dep't*, 755 F.3d 594, 600 (7th Cir. 2014). The Court thus confines its consideration to the issue of constructive notice, which is the basis upon which Ms. Junko premises her claim.

Constructive notice may be established by "either presenting evidence that (1) the dangerous condition existed for a sufficient amount of time so that it would have been discovered by the exercise of ordinary care, or (2) the dangerous condition was part of a pattern of conduct or a recurring incident." *Zuppardi*, 770 F.3d at 651; *see also, e.g., Dunlap v. Marshall Field & Co.*, 27 Ill. App. 3d 628, 631, 327 N.E.2d 16, 19 (1975). Ms. Junko argued in her response for a third method, contending that an owner "has constructive notice of all conditions discoverable by reasonable inspection of the premises." *Lombardo v. Reliance Elevator Co.*, 315 Ill. App. 3d 111, 120, 733 N.E.2d 874, 881–82 (2000). But as Home Depot argued in its reply, this is inaccurate. The very next sentence of *Lombardo*, which describes how a plaintiff would prove constructive notice, is a restatement of the alternative (1) listed above. Thus, this language in *Lombardo* does not set out a separate and distinct way of establishing

4

constructive notice.

"Absent any evidence demonstrating the length of time that the substance was on the floor"—in this case the parking lot surface—a plaintiff cannot prove that the substance was there for a sufficient amount of time and thus cannot establish constructive notice. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 482 (7th Cir. 2008); *see also Tomczak v. Planetsphere, Inc.*, 315 Ill. App. 3d 1033, 1040, 735 N.E.2d 662, 668 (2000); *Hayes v. Bailey*, 80 Ill. App. 3d 1027, 1030, 400 N.E.2d 544, 546 (1980) ("[W]here the plaintiff alleges constructive notice, the time element to establish constructive notice is a material factor").

When the length of time that a dangerous condition has existed cannot be determined—either directly or inferentially, via circumstantial evidence—the business cannot be found to have constructive notice of the condition. In *Hayes*, the plaintiff slipped on a puddle in a bathroom around 12:30 a.m. Though the bathroom had last been inspected at 10 p.m., no evidence existed as to how long the water had been there. As the court found, "[i]t is entirely possible that the floor did not get wet until just before plaintiff walked into the restroom," or that the "water could very easily have accumulated on the floor between 12:10 and 12:30." *Hayes*, 80 Ill. App. 3d at 1031, 400 N.E.2d at 546-47. Without evidence that the water had been on the floor for a substantial amount of time, there was "no evidence that defendant's failure to inspect the restroom at twelve o'clock" was what allowed the water to accumulate on the floor and possibly cause the plaintiff to slip and fall. *Id.*, 400 N.E.2d at 547.

The situation was nearly identical in *Tomczak*, in which the plaintiff fell while roller skating due to water on the floor. The plaintiff could not say how long the water

had been present, and neither could other witnesses who had been present. The court concluded that liability could not be imposed for "the presence of a substance that no one had knowledge of immediately prior to the occurrence," for essentially the same reason at *Hayes*. *Tomczak*, 315 Ill. App. 3d at 1040, 735 N.E.2d at 668.

Ms. Junko has offered no evidence that would enable a finding regarding how long the bag was in the Home Depot parking lot. She isn't required to have direct evidence of that; circumstantial evidence that could establish the point inferentially would suffice. But Ms. Junko has offered neither direct nor circumstantial evidence. As in *Hayes* and *Tomczak*, she offers nothing that would permit an estimate of how long the garbage bag had been there. As in both *Hayes* and *Tomczak*, the bag could have been dropped there mere minutes before her fall—providing no reasonable opportunity for Home Depot to remedy the situation. Ms. Junko's case is similar to *Hayes* in particular, as there is apparently evidence indicating that the last guaranteed check of the Home Depot parking lot was at 6:00 a.m., more than three hours before her arrival. For this, Ms. Junko's submission inappropriately cited to deposition testimony that she did not provide, contrary to the requirements of Local Rule 56.1(d)(3). But even if this evidence had been properly submitted, as in *Hayes* it would not benefit Ms. Junko.

Alternatively, if an injury is caused by a "regular and recurring dangerous condition which defendant was bound to foresee, the constructive notice requirement is satisfied . . . ." *Dunlap*, 27 Ill. App. 3d at 631, 327 N.E.2d at 19. When a business owner ignores a potentially dangerous condition, its non-response becomes a recurring dangerous situation. In *Culli v. Marathon Petroleum Co.*, 862 F.2d 119 (7th Cir. 1988), the plaintiff slipped on a slippery substance at a gas station. Evidence reflected daily

spills and high-volume sales at the store—but despite this, the gas station staffed its day shift with a single employee who was basically tied to the cash register, and the premises was only cleaned up at night. *Id.* at 127. The court concluded that this was sufficient to support a finding that the gas station had unreasonably maintained the property, creating a recurring condition that provided "constructive notice of a dangerous situation." *Id.*

In this case, by contrast, Ms. Junko has not offered evidence that would permit a finding that there was any sort of recurring dangerous condition at the Home Depot premises. To the contrary, the evidence reflects that that the parking lot is periodically "swept" by lot attendants. The head cashier conducts a sweep of the lot in the morning, and this is scheduled and noted on a daily checklist. And unlike in *Culli*, there is no evidence of any other trip-and-fall or slip-and-fall incidents having been reported in the parking lot. In sum, there is no evidence that would permit a reasonable jury to find either a recurring, dangerous hazard or inadequate policies by Home Depot or its staff to respond to a potential hazard.

For these reasons, no reasonable jury could find that Home Depot had constructive notice of the garbage bag prior to Ms. Junko's fall.

## Conclusion

For the reasons stated above, the Court grants defendant's motion for summary judgment [dkt. no. 28] and directs the Clerk to enter judgment in favor of defendant and against plaintiff.

Date: August 15, 2022

_____
MATTHEW F. KENNELLY
United States District Judge